### PUBLIC SERVICE RY. CO. v. McMAHON.

(Circuit Court of Appeals, Third Circuit. June 20, 1921.)

No. 2662.

Appeal and error ⊙═864—Rulings applicable to one only of two consolidated cases reviewable only on error to judgment in that case.

Where two actions by different plaintiffs for injuries arising out of the same accident were consolidated for trial, but separate verdicts were rendered and separate judgments entered a ruling on admission of evidence clearly applicable in one case only cannot be assigned as error in proceedings for review of the other judgment.

In Error to District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action at law by Stephen McMahon against the Public Service Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Lefferts S. Hoffman and Joseph Coult, Jr., both of Newark, N. J., for plaintiff in error.

McDermott & Enright, of Jersey City, N. J. (James D. Carpenter, of Jersey City, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This action for damages arose out of a collision between the plaintiff's auto-van and a trolley car of the defendant railway company. The trolley car was traveling on Jersey Avenue in the City of Elizabeth; the auto-van was either entering Jersey Avenue from Farragut Way, an intersecting street, or, it had already entered the avenue and was moving on the car tracks about a block distant from Farragut Way when it was struck in the rear by the trolley car.

The main dispute at the trial, arising from opposite theories of the collision as testified to by witnesses for the respective parties, concerned the precise location of the collision. If at one place, there was negligence on the part of the plaintiff in driving his van out of a side street directly upon and across the trolley tracks on which the trolley car was rapidly approaching; if at the other place, there was negligence on the part of the defendant in causing its rapidly moving trolley car to strike the rear of the plaintiff's auto-van after it had come from the side street, had, in full view, entered upon the railway tracks, straightened its course, and traveled thereon for something like a block. Thus on the place of the collision hung the questions of negligence, primary and contributory. This unusual circumstance, it is conceded, justified the submission of the case to the jury; and by the verdict for the plaintiff, it is also conceded, this question of fact and the related questions of negligence are decided.

The main complaint which the defendant makes on this writ is addressed to error in the charge. After instructing the jury on the law of negligence and contributory negligence in form quite usual and in a manner not excepted to, the plaintiff made three requests which the court charged without modification. They were in substance that, if the defendant's negligence was the proximate cause of the accident the verdict must be for the plaintiff; that it was the duty of the defendant to have its trolley car under such control that it could stop it in time to avoid collision with other vehicles "lawfully in the street"; and that if the plaintiff's auto-van was "lawfully on the car track" before the trolley car approached, then the trolley car had no "lawful right" to run into it.

The defendant's contention is that the charge of the first request (as well as that of the second and third when read in connection with the first) eliminated from the case the issue of contributory negligence. We do not so interpret it, because the court very carefully and quite correctly charged the law on that issue.

With respect to the second and third requests, the defendant construes the expressions "vehicles lawfully in the street" and "lawfully on the car tracks" as merely fixing the status of the vehicles on the

highway,—whether there by right or there as trespassers,—thereby in effect withdrawing from the jury the true question whether or not either or both of the vehicles, though lawfully in the street, were negligently operated. We do not believe the words conveyed this meaning to the jury. The court had clearly indicated in the body of its charge the construction properly to be given to these expressions. There was in the case no question as to whether the trolley car or the auto-van was lawfully on the street in the sense of being there by lawful right. The sole question concerned the operation of the two vehicles at one or the other of the two disputed places in a manner required by the law of negligence. The jury has decided that question under what we conceive to be proper instructions.

Another assignment specifies error in the admission of evidence in proof of a charge made by a hospital for treatment of John McMahon, Jr., the infant son of the plaintiff, who sustained injuries in the accident. This proof consisted merely of the offer and admission of the hospital bill, and is excepted to on the ground that it was hearsay evidence.

There were two cases brought to recover damages for injuries occasioned by the collision; one by Stephen McMahon, the plaintiff below, for injuries to his auto-van; the other by John McMahon, Jr., for injuries to himself. The cases were consolidated and tried together; separate verdicts were rendered and separate judgments entered. It is evident that the evidence excepted to was given in the case of John McMahon, Jr.; not in the instant case of Stephen McMahon, who claimed and recovered damages only for injuries to his auto-van. The Railway Company did not take a writ of error to the judgment in favor of John McMahon, Jr. Obviously, a ruling in that case can not be assigned as error in this case.

We find no errors in the trial of the case before us and therefore direct that the judgment below be

Affirmed.